THOMAS F. SWEENEY *vs.* ROBERT B. SWEET.

After a horse had been impounded under Pub. Stat. R. I. cap. 108, the pound keeper neglected to give the statutory notices which were to be given after the expiration of forty eight hours, but gave the owner of the animal verbal notice of the impounding immediately after it took place.

In an action brought by the owner against the pound keeper for illegal detention:
*Held,* that the plaintiff could not recover. "*Volenti non fit injuria.*"

EXCEPTIONS to the Court of Common Pleas.

This action was trespass on the case brought by the plaintiff against the defendant, as pound keeper of the town of Lincoln, for the unlawful detention of the plaintiff's horse. The case was brought before the Justice Court of the town of Lincoln, was carried to the Court of Common Pleas by the plaintiff's appeal, and came before this court on the plaintiff's exceptions.

Pub. Stat. R. I. cap. 108, §§ 7–9, are as follows :

"SECT. 7. After any animal shall have been impounded for forty eight hours, the pound keeper shall immediately post notifications in at least three public places in the same town with said pound, one of which shall be at or near the office of the town clerk of such town, describing the natural and artificial marks, if

any, on such animal, or shall give notice in writing to the owner of such animal.

" SECT. 8. If no owner shall appear within five days from the date of such notification or notice, and pay the penalty and charges aforesaid, the said pound keeper shall deliver the said animal to the town treasurer of such town, with a statement in writing of the time and manner in which the said animal was impounded, and of the proceedings of such pound keeper in relation to the same; together with an account of the charges and expenses due from the owner of such animal to said pound keeper by virtue of this chapter.

" SECT. 9. If said town treasurer shall find the proceedings of said pound keeper correct, he shall sell said animal at public auction, after giving reasonable notice of such sale; and shall, out of the proceeds of the sale, pay the incidental expenses thereof, the cost of keeping such animal after the same was delivered to him by the pound keeper for sale, the expenses and charges aforesaid, the expenses and penalty aforesaid, and in the order above, if the proceeds of the sale be not sufficient to pay the whole thereof."

The facts of the present case are stated in the opinion of the court.

*June* 16, 1883. DURFEE, C. J. The exceptions show that the plaintiff's horse escaped from his inclosure, Saturday, June 10, 1882, and was impounded the next day in the afternoon. The pound keeper did not, immediately after forty eight hours, give written notice or notice by posting as directed by the statute, Pub. Stat. of R. I. cap 108, § 7, but waited until Thursday, June 16, 1882, when he gave the plaintiff personal notice in writing. The action is case for damages against the keeper of the pound for detaining the horse without duly giving the statutory notice. The case was tried in the Court of Common Pleas by the court on both law and fact, jury trial being waived. The plaintiff testified that he received no notice, oral or written, until June 16. The defendant admitted that no written notice was given before June 16, but testified that he gave the plaintiff oral notice within an hour after the impounding. The court found that oral notice was given as the defendant testified, and thereupon decided that the plaintiff, having been so notified, could not maintain his ac-

tion, and gave the defendant judgment for costs.    The plaintiff excepted.

We do not see any error in the decision.    The case finds that the defendant gave the plaintiff oral notice that his horse was in pound within an hour after he had been put there, and that the plaintiff, having the notice, left him there.    It is true the defendant did not give the statutory notices ; but those notices were not to be given until forty eight hours after the impounding, the obvious purpose of the delay being to give the owner of the animal impounded an opportunity to redeem it meanwhile, without having to pay for such notices.    The defendant, undoubtedly, would have had no right to deliver the horse for sale to the town treasurer without first giving the statutory notices, or even, perhaps, to charge for keeping after the first forty eight hours.    This action, however, is not for any violation of right in these respects, but only for damages for the detention without giving the statutory notices ; and, such being the case, we think the court below could properly find, if, indeed, it could do otherwise than find, from the plaintiff's inaction after notice, that he consented to the detention.    Of course he should not be allowed to recover for a detention to which he consented.    *Volenti non fit injuria.*

*Exceptions overruled.*

*Benjamin L. Dennis*, for plaintiff.
*Adoniram J. Cushing*, for defendant.